Why don't you proceed Mr. Feldman? We've set this for 15 minutes per side It's a difficult case. So if we have a little extra time if either of you Need another minute or two just ask us. It's also a button on that podium if you'd like to lower it a bit It's absolutely up to you. But if you'd like to lower the podium put him a bit perfect Thank you, Your Honor. Good morning. May it please the court. My name is Leonard Feldman. I'm counsel for the appellant Ted Bradford I'd like to reserve five minutes for rebuttal, but I will keep track of my own time Last week the court issued an order in which it directed the parties to be prepared at oral argument to discuss the effect if any of the Fourth Circuit's decision in Owens In short, Your Honor the effect of Owens if applied here Is that Bradford's section 1983 claims timely and what's perhaps most helpful about Owens is The clarity with which it identifies and applies first principles We have two very clear decisions from the US Supreme Court Heck and Wallace Owens does a remarkable job of reconciling those two decisions Pulling out the applicable legal principles and applying them to the claims at issue there What it says that's probably most important here is that while the statute of limitations is governed by state law the accrual Issue is governed by federal law And in order to determine the accrual date as Owens explains what federal courts do is two things first They identify the common law tort that is most analogous to the plaintiff section 1983 claims and second They determine the accrual date for that most analogous common law tort that then or circuit say the analogous common law tort well in that case we were dealing with what what the Fourth Circuit called Brady like claims and For Brady like claims what the Fourth Circuit said is the most analogous common law tort is malicious prosecution but what you see when you look at Owens and then you look at Wallace and you look at heck is that you can kind of divide the cases into two common law torts there's the section 1983 claims that are analogous to the common law tort of malicious prosecution on the one hand and then there are the section 1983 Claims that are analogous to the common law tort of false imprisonment on the other one is heck. The other is Wallace and What the Owens court does among other things is it looks at? The nature of the claim that the redress ability issue is what it's called there because false imprisonment claims and malicious prosecution claims operate in very different ways false imprisonment claims look at that very small period of time between an unlawful arrest and when a Plaintiff or a criminal defendant is held over With arraignment or legal process. So it's it's that small period at the beginning of an unlawful Imprisonment malicious prosecution right between those two microphones it we keep a record and sometimes Faulty memory, so we want to go back and listen to the tape. So that ensures that your words Enshrined forever. Thank you your honor malicious prosecution claims as Wallace explains as and as Owens explains are very different malicious prosecution claims look at the period of confinement after legal process And so when you look at the case law and you look at what kinds of claims are courts analogizing to malicious prosecution claims It's all the section 1983 claims that seek as damages Compensation for the unlawful imprisonment after legal process so Brady like claims would be one Of course, that's what Owens addresses Sometimes you see courts refer to them as fair trial claims anything that relates to the fairness of trial Devereux claims Intentional or deliberate fabrication of evidence would be among those claims as well because again The redress the remedy that the damages relate to the period of unlawful Imprisonment after legal process and of course, that's exactly what the US Supreme Court said and heck That is a centerpiece of our argument And if anything Owens just confirms how it applies here because heck had three basic allegations One was that the defendant engaged in an unlawful unreasonable and arbitrary investigation The second was the defendant there destroyed exculpatory evidence and the third was that the defendant caused an unlawful voice Identification to be used at trial. So again, these are fair trial type claims The claims that Bradford is asserting here are very closely Analogous to the claims that were at issue in heck and what heck said is that we? analogize those section 1983 claims to the common law tort of malicious prosecution We also pointed out in our briefing that other courts have done the same thing Doswell Jovanovich and Obanaya And we pointed out that when you look very specifically at the elements of a Devereux claim You see that in order to establish Devereux claim Bradford has to show that defendants continued their investigation of him Despite the fact that they knew or should have known that he was innocent So when we're trying to identify the common law tort that is most analogous to a Devereux claim that the Inclusion of innocence in in what a plaintiff has to show to establish a Devereux claim I think prompts this court to analogize that claim to the common law tort of malicious prosecution The other thing that requires that among other things that the charges can never be revived Correct and Owens at the time the Washington courts vacated your clients earlier conviction That was not present the within a month the state's attorney county attorney Filed new charges and there was a second trial That's exactly right and Owens is remarkably clear and helpful on that point as the Owens majority Right right this is your opponent is going to like the chief judge's dissent Oh, yeah, well, I like to think that the majority makes the law And the dissent is just that it is a dissent But of course that portion of Owens is not without additional precedent either we cited Bryson We cited a Wadby we cited Lika These are all cases that recognize that when we're dealing with the common law tort of malicious prosecution There has to be a favorable determination and simply remanding for a new trial As happened here is not sufficient for there to be a favorable determination, let's suppose that you convince the panel that the Accrual date is the date of acquittal following the second trial This is not a case Where the later on DNA evidence? Completely exonerated made it made it impossible that your client could have committed this crime correct. Yes That's correct So what do we do with that well I think that's significant when we look at that through the lens of Owens at that point speaking in terms of qualified immunity Qualified immunity, I think the qualified immunity Issues, there's no there. There's no cause of action against the government entity for making the decision to Reprosecute. Mr. Bradford, correct, right? If there's a claim at all against it's against the detective who conducted the investigation Right, and we can presume was the detective assigned to the second prosecution, right? and The district court thought that the detective was entitled to qualified immunity. What's your position on that? My recollection your honor is the district court didn't reach the qualified immunity issue, but if I'm wrong on that, I Apologize. I I think that in your client claim at one Among other things that his confession had been coerced Yes at an element of his 1983 claim it was and I That particular issue is no longer being pursued here. Okay, what is being pursued are two claims the the Devereux claim for fabrication of evidence and the Brady claim and As for your position on qualified immunity as the record is simply not Would have to go back to district court on that issue. That's exactly right. That's exactly right But if the panel reaches the issue then all facts have to be viewed in the light most favorable to Bradford That's what the Supreme Court said in Tolan versus cotton. We then move to the issue of clearly established Owen actually is very helpful with regard to qualified immunity under Brady that's been established for decades and Devereux claims because it points out first that the case law has been established since I think 1942 the case that Devereux cites that officers cannot continue an investigation despite knowing that a Defendant is innocent. Mr. Feldman. I I have a question for you on Brady Could you explain is that definitely is Brady before us? Right now that was somehow under the impression that Brady claims were put to the side or Abandoned. No, that is a ruling that the district court reached in error The district court found that there was no Brady claim because as the district court pointed out and I'd say this correctly Bradford had abandoned a specific Brady claim relating to a sketch But Had not abandoned other Brady claims including claims related specifically to the state's star witness Susan Searle and her ever-changing testimony and and Explanations and again remarkably that's exactly what Owens was about Owens involved the situation where the defendants didn't disclose that the state star witness had continuously changed her his views This is exactly that case after the oral argument in the district court your honors To eliminate any confusion as to this issue. We in fact wrote a letter to the district court in which we Specifically identified the fact that we were still asserting Brady claims but the district court did was rather inexplicable, which was to point out that the Defendants had said during the oral argument that there were no Brady claims and that in the you know Limited time available. We hadn't responded. I understand your position on it now just to remind you it's up to you But you had said you wanted to keep five minutes for it we puddle I'd like to reserve the rest of my time for rebuttal. It won't move Well, yeah Another minute to your rebuttal to Mr. Christie needs a little extra time. We'll give him that as well. Thank you. Your honor. May it please the court My name is Bob Christie. I'm here on behalf of detective Joseph. Sure sleep with us in court today We're asking that this court affirm the summary judgment dismissal of the single cause of action that is put forth in this appeal And because this is a de novo review This court can affirm either on statute of limitation grounds or on qualified immunity grounds Which were fully briefed and argued to the district court as I understand it on the accrual issue Is that mr. Bradford's claim? accrued Upon the finality of the Washington court system's vacation of his prior conviction That is accurate your honor on August 1 of 2008 The trial court entered an order vacating the judgment and sentence Hypothetical question to follow thought. Thank you. Let's suppose that mr. Bradford had filed within a week or so Of that action by the Washington courts And you were on the case. What would have been your response to a 1983 action? If he would have filed immediately after that His claim would have been timely the heck bar would have been removed by virtue of The entry of that order you wouldn't have asked the court to stay proceedings pending the outcome of the second trial Oh, absolutely. I mean the next day if he'd have filed I wouldn't have had that argument in September when the when the prosecutor refiled the heck bar came into place because clearly If the government had prevailed at the second trial the claim is gone clearly That's right, but that that didn't happen here. And so the the statute of limitations accrued Effective the entry of that order in other words the deferred accrual rule of heck Was gone as of August 1 2008 now there's some critical distinctions here that have not been recognized Heck is a deferred accrual rule It is quite different from the issue in Owens and I'm prepared to discuss Owens Owens recognized that heck had nothing to do with the analysis in that case Because heck defers the accrual of a cause of action that has already accrued by definition and Judge Rice noted this a Which is their contention that this is a malicious prosecution claim Didn't even accrue and therefore heck doesn't come into play at all So to stand up in front of you and argue on the one hand as they have that heck applies here By definition is a recognition that his cause of action accrued So let me direct the court and I'll also answer your question your honor in this process There were four complaints filed in this case by very skilled counsel a third amended complaint is the only complaint at issue in this case The third amended complaint as Judge Rice noted very carefully crafted a new cause of action a single 1983 cause of action Against detective Shirsley that is clearly framed directly out of Gant and Devereaux and Very carefully excluded The claim that had been framed in the previous cause or the previous complaints under Brady So I submit to the court there is an app. There is absolutely no Brady claim Asserted in the third amended complaint as Judge Rice noted. We have a single cause of action and That single cause of action is a deliberate fabrication of evidence claim Under Gant and Devereaux and that's significant because Owens clearly as the majority says Recognize that that was a Brady claim and according to them the most analogous state cause of action For determining the statute of limitations was malicious prosecution and Under its analysis and looking at the elements of malicious prosecution. It ended up relying upon. I think it was section 119 of Prosser and Keaton that talked about the nature of the complete finality of the proceedings Malicious prosecution is not at issue in this case. There is no Brady claim. There is no malicious prosecution claim And I can tell you a couple other reasons why that's not part of the case The elements of malicious prosecution in the Ninth Circuit Require more than the standard elements of a state law claim It requires very specifically that the plaintiff plead and prove an additional element That the prosecution against him was for the purpose of denying him equal protection or Another specific constitutional right and that is the last year versus City of Bremerton case decided by this court in 2009 So Owens never comes into play in the analysis of this case I'll tell you another reason why a malicious prosecution is not part of this case Judge Rice Determined and that has not been appealed here that the plaintiff is collaterally a stopped from challenging the constitutionality of his confession so the law of this case before you is that there was a constitutional confession that confession as Judge Rice notes establishes establishes as a matter of law that there was probable cause and So it is antithetic that there can be a valid confession to a crime on One hand and an argument that there is a lack of probable cause on the other hand He actually cites to a state Supreme Court decision on that Hansen versus City of Snohomish I actually was the city of Snohomish as counsel and arguing that before the state Supreme Court in 1993 and that sets forth clearly what the elements of malicious prosecution are in this state It requires an absence of probable cause probable cause here exists as a matter of law unchallenged on appeal Because there is no challenge to the constitutionality of his confession Acknowledging he was clatterly a stop is he let me pose one question to you. Yes, your honor least in part. I thought that the appellant was arguing under a Devereux claim That the evidence had been Fabricated maliciously and if that includes the confession that establishes probable cause Where does that leave us? Your honor the elements of a Devereux claim if I can speak to those What they have said in their briefing And First of all, they they very carefully and it was significant that judge Rice actually went to the point of setting up a table where He quoted the language from Devereux and compared that to the language that is set forth in their third amendment complaint The due process right at issue in Devereux Which was recognized for the first time in 2001 in Devereux is the right? Not to be subjected to a criminal charge on the basis of false evidence deliberately fabricated by the government It has nothing to do with whether or not there was a conviction on that you could have a Devereux claim whether or not there Was a conviction if you were subjected to a prosecution based upon the deliberate fabrication of false evidence This Is a deliberate fabrication of false evidence cause of action that is the only way you can read the third amendment complaint The presence in this case of probable cause as a matter of law Is what is critical to their attempt to recraft this as a malicious prosecution claim and I'll bring it back to this your honor in a Devereux claim It does not have an element that you have to prove a favorable termination of the criminal prosecution They are seeking to interject that as an element of a Devereux claim, and it simply is contrary to law They argue in their brief that a malicious prosecution claim Excuse me. They say a Devereux claim is akin to a malicious prosecution claim You're corrected yourself Yeah, and and it is not it is not Significantly Gantt involve both a malicious prosecution claim and a Devereux claim And it didn't treat them as one in the same. They are different. This is not the first case and Recorded legal history or something like this has happened Or And there are cases on both sides that apparently is no Ninth Circuit precedent So we're going to have to pick and choose of among what's available in the Reported cases are any of the cases You do any of the cases on which you rely? Involve a situation akin To the facts of this case or the vacation of the conviction Clearly contemplates a subsequent action Clearly contemplates a subsequent criminal trial. Yes, your honor. I think that the Not in the Ninth Circuit But I think the D Ambrose versus Marino case which judge Rice asked us to brief and has discussed Extensively in our materials is very persuasive on this point and completely consistent with the proper application of heck To follow their trail you have to for the first time in our circuit Interject a favorable termination element into a Devereux claim that has never been done And it would require you to completely recast the elements of what a Devereux claim is all about Because all of these cases certainly that case and and there were two successive Ninth Circuit case the Jackson versus Barnes and Rosales case that are discussed in our materials that are significant the takeaway from those cases the relevant takeaway is that a 1983 claim arising from an overturned conviction accrues and the statute of limitations begins to run when the conviction is invalidated and What may happen in some future conviction or whether or not there's even a subsequent prosecution is simply of no Significance whatsoever. Is that decision? Post heck. Yes, it is. Is it post heck? Yes, it is the Rosales case your honor Again, it's cited in our brief. It's was decided April 15 2014 my judges Reinhardt can be and Wardlaw the Rosales Martinez versus Palmer case I have the Westlaw site, but it's a 2014 decision by Judge Heller Stein Judge Callahan and Judge Milan Smith jr So Try and summarize as I come up to the end of my argument There is no favorable termination or Proof-of-innocence Element to a Devereaux claim if you look carefully at their briefing they do this Devereaux Devereaux really says there are two different ways. You can prove a Devereaux claim that the defendants continued their investigation of the plaintiff despite the fact that they knew or should have known that he was innocent or Defendant used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information They say for the first time very clearly in their brief. We are asserting a prong one Devereaux claim because that says that the Defendants continued the prosecution when they knew or should have known that he was innocent and they take that language and they say aha That language interjects a proof of innocence requirement for any plaintiff Asserting a Devereaux claim and I submit your honor. That is not a Fair argument or at least in any way a fair reading of this If any investigation if you know, and if it's part of the record was done between The vacation of the original conviction and the bringing of the subsequent charges none This investigation was concluded Before the June 1996 trial that trial concluded with the conviction on June 12 of 1996 and and at that point in time The Devereaux claim the claim that's being asserted in the third cause of action Clearly was triggered He knew or should have known of all the essential elements of his claim, of course the accrual is an issue under federal law that's quite clear from the decisions and That Cause of action we believe accrued as of the end of the first trial. Was there a heck bar? Absolutely, and that's where heck comes into play and heck applied remained in effect until August 1 of 2008 in my remaining time And I would like to maybe take one extra minute. I do want to speak to qualified immunity Could you please add a minute on the clock? Thank you, Your Honor Qualified immunity is a separate independent ground for dismissal of this claim. However, it ends up being characterized by this court It is antithetic that there can be a claim against detective Shearsley when it has an established part of this case that there is a valid constitutionally collected Confession to these crimes. So Prague one says was there a violation of a constitutional right? There is not the Constitutional right again first recognized in 2001 in Devereaux at least first framed as a claim and Devereaux says failure to follow guidelines or to carry out an investigation in a manner that will ensure Ensure an error free result is one thing That case requires proof of intentional fabrication of false evidence and we simply don't have that in this case We have the contrary we have a constitutional confession. It was taken in a valid manner So we submit you never get past prong one, but if you get past prong one and you get to prong two of course under Al kid It's required that they prove a government officials conduct violates clearly established law when at the time of the challenge conduct The contours of the right were sufficiently clear that every reasonable Official official would have understood what he was doing violated the law in 2001 is when Devereaux came around these events happened in 1996. Thank you, Your Honor. I appreciate the additional time Thank you. Thanks. Mr. Cristiano Mr. Feldman Thank you, Your Honors. I'd like to very briefly address the heck bar and then turn to the malicious prosecution issues The heck bar assesses a different issue it it assesses whether somebody has filed their claim too early and if I understood, mr Christie correctly what he has testified to is that the heck bar would apply here what he's argued Yes, what he's argued. He didn't testify. I'm sorry. Thank you for the clarification your honor What Owens tells us though about the heck bar is that removal the heck bar does not compel Owens immediately To proceed under section 1983 This is so because the statute of limitations for the most analogous common law tort malicious prosecution Did not begin to run until the proceedings against Owen were finally terminated in his favor and could not be revived So the problem that we have in a lot of the case law including the argument today is Confusion about what the heck bar means as we pointed out. We're not relying on the heck bar We're not relying on any sort of deferred accrual We're relying on heck and what it says about when claims like this accrue and much of mr Christie's argument on that issue confuses the section 1983 claim for malicious prosecution on the one hand, which we're not asserting and the common law claim for malicious prosecution Which is what the section 1983 claims are to be analogized to under heck and Wallace and Owens, so while we've made clear that we do not have a section 1983 claim for malicious prosecution That is of no moment here. What matters is that there are Brady or Brady like claims. There are malicious Not malicious trust. There are Devereux claims There are claims that relate to the fairness of the trial and as I explained earlier when you're dealing with fairness trial fairness claims like that the courts including Owens have analogized those section 1983 claims to the common law toward a malicious prosecution and that's where the favorable termination requirement comes in and That's why the fact that there's this innocence Element to a Devereux claim is another reason not the only reason but another reason why when the court figures out what the most analogous common law tort is Malicious prosecution is the one that rises to the surface There are cases as mr Christie pointed out that go in different directions D'ambrosio is a good example of one of those cases when you look at D'ambrosio what you see in this out-of-circuit case is a mistake that I think courts are making across this country, which is what do you do with the retrial aspects or the future potential Conviction language in Wallace when you look at Wallace the court there was dealing with a very specific issue It did not want to create what it called a jurisprudential limbo by having the future conviction affect retroactively what the accrual date was That's the issue in Wallace. It doesn't exist in the malicious prosecution heck framework because if we apply the principles that the court articulated so well in Owens We don't have this problem of retroactive A Change in what the accrual date is when you look at some of the other cases that the Ninth Circuit has decided You just it's just a different analysis and they're different facts I'm talking about Jackson versus Barnes and the Rosales Martinez case Those were cases where in one the defendant had pled guilty and in the other The defendant had been found guilty on retrial and and the issues They are just very different than they are here where judge Hawkins as you pointed out this Individual was not found not guilty. There was no favorable termination Until the jury found him not guilty and we have not found a single case That dismisses a claim like this as time-barred and we would ask that this case not be the first Thank you, your honor. Thank you counsel One who Thank mr. Feldman, thank you both. Mr. Christie The court adjourns
judges: Noonan, Hawkins, Gould